1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                   SOUTHERN DISTRICT OF CALIFORNIA
12
13   CESAR SCOLARI RUIZ,                    CASE NO. 10-CR-3681 W
14                                                   11-CV-1526 W
                    Defendant-Petitioner,
15        v.                                ORDER DENYING MOTION
                                            FOR TIME REDUCTION
16                                          UNDER 28 U.S.C. 2255
17   UNITED STATES OF AMERICA,              [DOC. 27]
18                  Respondent.
19
     Pending before the Court is a Motion for Time Reduction under 28 U.S.C. § 2255
20
     (the "Motion") by Petitioner Cesar Scolari Ruiz ("Petitioner"), a federal prisoner
21
     proceeding *pro se*. Respondent United States of America ("Respondent") opposes. The
22
     Court decides the matter on the papers submitted and without oral argument. See
23
     Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the Motion
24
     [Doc. 22].
25   //
26   //
27   //
28

## I. BACKGROUND

On October 28, 2010, Petitioner pled guilty to attempted illegal reentry after deportation, in violation of 8 U.S.C. § 1326. (*See Minute Entry* [Doc. 9]; *Plea Agree.* [Doc. 10] ¶ I.) In the signed Plea Agreement, Petitioner agreed to waive his right to appeal or collaterally attack his conviction and sentence. (*Plea Agree.* ¶ XI.)

On May 25, 2011, the Court sentenced Petitioner to 48 months in custody and three years supervised release. (*See Judgment* [Doc. 19] 2-3.) Notwithstanding Petitioner's guilty plea, Petitioner filed the pending Motion arguing that his alleged ineligibility for Bureau of Prisons ("BOP") programs, such as halfway-house custody, due to his alien status violates his Constitutional rights.

Respondent opposes the Motion arguing, among other things, that Petitioner waived his right to collaterally attack his sentence. The Court agrees with Respondent.

## II. DISCUSSION

Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

First, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily. See id. A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the Plea Agreement with his attorney's advice and consent (*Plea Agree.* p.1), and Petitioner represented that he fully

understood the agreement (*Id.* ¶ XIV).  Petitioner also represented that his plea was knowing and voluntary.  (*Id.* ¶ I(b).)  And Petitioner represented that he was satisfied with his attorney's performance. (*Id.*, ¶ XIV.)  Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal.  See Nunez, 223 F.3d at 958.  A reviewing court applies contract principles, including the parol evidence rule.  See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996).  Under the parol evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument."  Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am., 912 F.2d 366, 370 (9th Cir. 1990).  Here, the Plea Agreement explicitly states, in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.  If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the government will be free to support on appeal the sentence actually imposed.  If defendant believes the United States' recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Plea Agree.* ¶ XI.) Petitioner, therefore, agreed to waive his right to appeal or collaterally attack his sentence so long as the Court did not sentence him to a sentence exceeding the greater of (1) the statutory mandatory minimum term or (2) the high end of the guideline range recommended by Respondent.  The high end of the guideline

range recommended by Respondent is 51 months. Because Petitioner's 48-month custodial sentence did not exceed the high end of the guideline range recommended by Respondent, the Plea Agreement's terms bar Petitioner's attack on his sentence. The Court is, therefore, prevented from granting the habeas relief requested in the Motion.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's Motion [Doc. 27]. The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATED: January 17, 2012

_____
Hon. Thomas J. Whelan
United States District Judge